IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| vs. : | **Case No.: 06-CR-47** |
| : | |
| **SHELTON JOHNS** : | |
| **Defendant** : | |

## ORDER

AND NOW, this _____ day of _____, 2006, upon Motion of the Defendant, Shelton Johns, it is hereby ORDERED and DECREED that all physical evidence, including but not limited to the Sig Sauer Model P245, .45 cal. Pistol, serial number C009730; six rounds of 45 caliber ammunition, one empty magazine for the Sig Sauer firearm, and all statements made as the result of the arrest of Shelton Johns by the Wilmington Police Dept. on March 7, 2006, be and is SUPPRESSED and shall not be used in any proceedings against Shelton Johns.

By The Court:

_____
**Gregory M. Sleet, J.**

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| v. | : |
| | : |
| **SHELTON JOHNS** | :  Case No.: 06-CR-47 |

### MOTION AND MEMORANDUM

### TO SUPPRESS PHYSICAL EVIDENCE AND STATEMENTS

TO THE HONORABLE GREGORY M. SLEET, JUDGE, UNITED STATES

DISTRICT COURT FOR THE DISTRICT OF DELAWARE:

And now comes Defendant, Shelton Johns, by his attorney, Paul M. Perlstein, Esquire, and hereby moves your Honorable Court to suppress the physical evidence and testimonial seized from the Defendant and in support thereof respectfully represents:

1. Defendant is Shelton Johns.
2. On or about March 7, 2006, your Petitioner was arrested by Patrolman Wilkers and Patrolman Fox of the Wilmington Police Department.
3. Your Petitioner has been charged by the United States Government, 922(g)(1) and 924(a)(2), Title 18 of the US Code, with former convict not to own a firearm,
4. Said arrest was after, and the result of, a traffic stop of your Petitioner by the aforementioned officers of the Wilmington Police Department.
5. According to the Police Report, the stop was based upon an alleged violation of the Motor Vehicle Code.
6. The officers unlawfully placed Mr. Johns under arrest before conducting the search or finding the weapon.
7. The officers did not have probable cause to search the vehicle or any information that Mr. Johns was armed and dangerous.
8. The search was without the lawful consent of the Petitioner.

9. At the scene, and subsequent to his arrest, the Petitioner made certain admissions to the police that the gun was his.

10. The arrest, search, and interrogation were illegal and a violation of your Petitioner's rights pursuant to the United States Constitution, Amendment Four and Amendment Five.

11. Subsequently, the prosecution was adopted by the Federal authorities for the sole purpose of seeking an increased and onerous sentence of the Petitioner.

12. The items sought to be suppressed are the .45 caliber weapon seized, bullets and magazine, and any indicia of ownership of the gun, as well as any statements made to the police as a result of the illegal arrest.

13. When a search and seizure is conducted without a warrant, the burden of proof is on the Government to show the search was reasonable. ***United States v Austin,*** 269 F. Supp.2d. 629 (Ed. Pa. 2003). ***United States v Johnson***, 63 F.2d. 242 (3rd Cir. 1995), ***United States v Coward***, 296 F.3d. 176 (3rd Cir. 2002).

14. The stopping of a vehicle and detaining the occupant is a seizure under the Fourth Amendment. ***Whren v United States***, 517 U.S. 806, 116 S.Ct. 1769 (1996); ***United States v Velasquez***, 885 F,2d, 1076 (3rd Cir. 1989).

15. A warrantless arrest must be supported by probable cause. ***Devenpeck v Alford***, 1255 Ct. 588 (2004).

16. The presence in the area where the Defendant was located does not add enough facts to support reasonable suspicion. ***Illinois v Wardlow***, 528 U.S. 199, 120 S.Ct. 679 (2000).

17. The search for a weapon is not permissible unless a police officer has reasonable suspicion that he is clearly with an armed and dangerous individual. ***United States v Bowie***, 2000 WL 467314 (Ed. Pa. citing ***Terry v Ohio***, 391 U.S.1, 88 S.Ct. 1868 (1968). See, also, ***United States v Valentine***, 232 F.3d. 350 (3rd Cir. 2000).

18. Evidence arising out of an unlawful search is to be suppressed. ***Wong Sun v United States,*** 371 U.S. 471, 83 S.Ct. (1963).

WHEREFORE, Defendant PRAYS Your Honorable Court enter an Order directing that the evidence and statements be suppressed and shall not be admitted at the time of trial of this case or any other proceeding.

Respectfully submitted,

**PERLSTEIN LAW**

By: _s/_____

**Paul M. Perlstein, Esq.**