IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Criminal Action No. 06-47-GMS |
| ) | |
| SHELTON JOHNS, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorney, Christopher J. Burke, Assistant United States Attorney for the District of Delaware, with the consent and knowledge of Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Shelton Johns, by and through his attorney, Paul Perlstein, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges him with being a prohibited person in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), which carries a maximum sentence of a term of imprisonment of ten years, a $250,000 fine, or both, three years supervised release, and a $100 special assessment.

2. The defendant understands that if there were a trial, the Government would have to prove the following elements with respect to Count One of the Indictment: (1) that the defendant knowingly possessed a firearm; (2) at the time of the defendant's possession of the firearm, he had previously been convicted of a crime punishable by more than one year's imprisonment; and (3) that the firearm affected interstate commerce, that is, that it had previously crossed state lines.

3. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, a two-point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility is appropriate, and the Government will move for an additional one-point reduction, pursuant to Sentencing Guideline Section 3E1.1.

4. The defendant agrees to abandon any right, title and interest that he may have in the Sig Sauer P245 .45 caliber handgun (serial number of C009730), seized from him by police on March 7, 2006; agrees to execute all documents requested by the Government to effect his abandonment; and agrees that the Bureau of Alcohol, Tobacco & Firearms and/or Wilmington Police Department may dispose of the firearm in whatever manner they deem appropriate.

5. The defendant understands that at sentencing the District Court must consider the United States Sentencing Guidelines and take them into account in exercising its discretion to determine the appropriate sentence and must also consider the other factors bearing on an appropriate sentence pursuant to 18 U.S.C. § 3553(a). The defendant further understands that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the Sentencing Guidelines. The defendant understands that the Court is not bound by any stipulation between the parties, and that if the Court calculates the guidelines differently than he expects, or contrary to any stipulation of the parties or recommendation of his attorney, that he will not be allowed to withdraw his guilty plea.

6. The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program though which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

7. The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

8. It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY
United States Attorney

_____
Paul Perlstein, Esquire
Attorney for Defendant

By: _____
Christopher J. Burke
Assistant United States Attorney

_____
Shelton Johns, Defendant

Dated:

AND NOW, this 17th day of Nov., 2006, the foregoing Memorandum of Plea Agreement is hereby (accepted) ~~(rejected)~~ by this Court.

_____
Honorable Gregory M. Sleet
United States District Court

FILED
NOV 17 2006
U.S. DISTRICT COURT
DISTRICT OF DELAWARE