IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| vs. | : Case No.: 06-CR-47 |
| | : |
| SHELTON JOHNS | : |
|       Defendant | |

**SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD**

**DEPARTURE OF DEFENDANT SHELTON JOHNS**

Defendant, Shelton Johns, by his attorney, Paul M. Perlstein, Esquire, submits this Sentencing Memorandum and Motion for Downward Departure as an aid to the Court at Sentencing. The recent decision of the Supreme Court of the United States in ***United States v Booker***, 125 S.Ct. 738 (2005), holds that the guidelines have become advisory rather than mandatory.  The Third Circuit, in ***U.S. v. Cooper***, 437 F.3d (3rd Cir. 2006) has shown a faithful adherence to ***Booker*** and has given guidance to the district courts as to the exercise of their role. That the guidelines are even presumptively correct has been rejected in this circuit. Instead, all relevant factors are to be considered by the court in order to devise the appropriate sentence. ***U.S. v. Gunter***, 462 F.3d 237 (3rd Cir.

2006), requires the district court to "follow a three-step sentencing process:"

    (1) Courts must continue to calculate a defendant's Guidelines sentence precisely as they would have done before ***Booker***…

    (2) In doing so, they must formally rule on motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation, and take into account our Circuit's pre-Booker case law, which continues to have advisory force…

    (3) Finally, they are required to exercise their discretion by considering the relevant sec. 3553(a) factors…in setting the sentence they impose regardless whether it varies from the sentence calculated under the guidelines.

In the context of offender characteristics, and the circumstances of the offense in this matter, these changes are significant and helpful to the Court in understanding Shelton Johns, and fashioning an appropriate sentence.

According to 18 U.S.C.A 3553(a), the court is required to impose a sentence sufficient, but not greater than necessary, to comply with the following stated considerations:

    1. the nature and circumstances of the offense and the history and characteristics of the defendant;

2.  the need for the sentence imposed
    (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense,
    (b) to afford adequate deterrence to criminal conduct;
    (c) to protect the public from further crimes of the defendant, and;
    (d) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner;

    (e) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;

The courts are directed, according to the ***Booker*** decision, to impose the minimally sufficient term of incarceration (or probation) to accomplish these specified purposes. The guidelines are only one of the factors to be considered. The sentencing range is only one

factor and it should not be given any additional weight for to do so would continue the mandatory nature of the guidelines which has been rebuked by the Supreme Court and the Third Circuit.

Above all, the sentence should be reasonable. This is to be determined by looking at the entire panoply of factors that are relevant to who Mr. Johns is and lead to the understanding of why he has done what he has done.

In this case, it is important to note that a stated purpose is to avoid unwarranted sentence disparities among defendants' with similar records who have been found guilty of similar conduct. It is important that the Court consider the sentences meted out in the state justice system. Unwarranted disparity of any kind should be avoided if possible, not just among the federal courts, but between the state courts and the federal courts.

The guideline calculation issues in this matter will be addressed in this motion and memorandum, as well as other factors and arguments.

**EXHIBITS**

        **A.**    Letters from friends and family.

**RELEVANT FACTORS**

Several important themes emerge from all of the documentary material available to the court, including the presentence report and the exhibits attached to this motion:

    a. Those who know Mr. Johns best all believe that he has the capacity to be rehabilitated and assume a worthwhile, contributory place in society. When given the chance to obtain an education without the horrific burden of a negative environment, Mr. Johns not only got his GED, but three college credits at Delaware State.

    b. Rehabilitation utilizing the resources that will be available is a far more sensible and purposeful use of incarceration than would be punishment.

    c. Mr. Johns has demonstrated his capability to acknowledge the nature and quality of his act. This is evidenced not only by his guilty plea, but by his admission at the time of his arrest.

      d. Mr. Johns has attempted to atone for his crime by proffering to the government and thereby rendering aid to apprehend those who deal in contraband firearms. That the government was unable to utilize the information provided by Mr. Johns sufficiently to make a 5K(1) motion should not preclude him from the benefit of what he tried to do to be helpful. What is important about his conduct is that it shows the same level of recognizance of the seriousness of his activities and the need to prevent such things from continuing to occur as someone whose information was more helpful. Mr. Johns is limited by what he knows. But the sincerity of his attempt entitles him to no less consideration than someone who is fortunate to have more helpful information that he shares.

    Mr. Johns has cooperated with the authorities. He has met with government agents and local police, told them of his knowledge of not only his seller, but of crimes that have plagued his Wilmington neighborhood. He was as helpful as he could be and there is no evidence that he held anything back. The sincerity of his

attempts to help are what is important and not the lack of value in the limited information that he had to share.

The gun was purchased for Mr. Johns own self-protection, an unfortunate reality of the environment where Mr. Johns lived. He did not carry the gun on his person. When arrested, the gun was located in the trunk of the car and not out in the open where it could be displayed in an offensive fashion. He admitted that the gun was his and has shown remorse for his actions, recognizing how they have negatively impacted on his family.

The Presentence report and the letters on Mr. Johns' behalf note the difficult circumstances of Mr. Johns' upbringing, his lack of treatment for his drug problems, his need for educational and vocational training, and his naiveté as to the nature and the consequences of his actions. There was a brief period when his family was homeless. He has a number of mental issues related to his father's abandonment and the loss of his right leg. Indeed, as stated by Mr. Durkin on page 13, "Please note, the psychological consultation occurred before the defendant's accident on December 21, 2000, so there is no telling how that tragic event has psychologically impacted him."

It is simply wrong for Mr. Durkin to state that he has no information concerning the offense or the offender that would warrant a departure from the prescribed sentencing guidelines. P. 16. First, such a statement demonstrates that Mr. Durkin continues to believe that a within-guidelines sentence is

presumptively reasonable. This notion has been rejected in ***U.S. v. Cooper***, 437 F.3d 324, 331 (3rd Cir. 2006), wherein the Third Circuit held that otherwise "would come close to restoring the mandatory nature of the guidelines excised in ***Booker***." Second, the report is replete with information that bears significantly on the appropriateness of the daparture.

All of the requested departure arguments are repeated herein and the court is urged that if the burden has not been met for a departure from the guideline calculation, it has been met to convince this Honorable Court that sentence that is the minimum of the formal guideline calculation is most appropriate.

**CONCLUSION**

The Court has broad discretion in imposing a sentence. ***United States v Dansker***, 581 F.2d. 69 (3rd Cir. 1978); ***United States v Smith***, 839 F.2d. 175 (3rd Cir. 1988). The guiding principle is that the sentence be reasonable. It would be unreasonable to disregard the sincere regret and remorse felt by Mr. Johns and his attempts to atone for what he has done. It would be unreasonable to disregard the extensive cooperation. It would be unreasonable to disregard Mr. Johns' criminal record as overstating this young man's criminality. It would be unreasonable not to take into account his youth and lack of guidance. It would be unreasonable not take into account his long history of mental

problems and abuse. It would be unreasonable not to take into account his love for his family. It would be unreasonable not to take into account his demonstrated desire to make amends for his actions. It would be unreasonable not to take into account his physical haqndicap. It would be unreasonable not to take into account the legitimate fear for his safety and that of his family that prompted possession of the gun. Mr. Johns should receive a sentence that is not more than the minimum of is necessary to accomplish the purposes of the criminal justice system. Such a sentence is less than half of what is set by the guidelines.

        Respectfully submitted,

        **Perlstein Law**

        By: __s/_____

        **Paul M. Perlstein, Esq.**

To the Honorable Judge Sleet,

I'm writing this letter Judge to let you know about young Shelton Johns.

This is a young man that has been brought up in a stable home. He is the

Type of person that would do anything for a person with no questions asked

He is not a trouble person and he deserves another chance. He needs a job a

Career. It's a light at the end of the tunnel. He needs more help more direction.

We just want him to know there is help out there. I'm going to school and

Doing an apprentice at a probation office. So I'm going to find out places

And organizations to help him.

Very Truly Yours,

Nakia Bratt
New Jersey

Feb 14, 2007

Dear your honour,

    This letter is written you on the behalf of Shelton Johns. I am writing to let you know that I and my children really needs him to come home to us. Shelton has been a great role model and father figure to my children. He has always been there for them whenever they needed him, especially my eldest daughter she's eight and she looks at Mr. Johns as her father. She's never been close to her real father from him being in and out of jail. She consider Mr. Johns to be her father. With him being going it tares her apart. She's constantly asking when is he coming home, it hurts us both to tell her how long it'll be before he might be with us again. Mr. Johns is a great person he could never hurt a fly. He only had that gun tom protect us and his self. Shelton has been rehabilitated since hes been in the Federal Detention Center, and I know that he'll never touch another gun in his life. He promises me that. I know that he means it. We have plans with our life in the future to have more children and to make a better life for them together. I hope that you can find it in your heart on sentencing day to give him a lesser sentence for the sake of my children and I. We need him home with us.

    Thank- you

    s/ Regina McClean

    fiancé of Shelton Johns

2-6-07.

To the Honorable Judge Sleet.

I respect the decision that was made concerning, Shelton Johns. Please reconsider your decision, because Shelton tried to protect himself from the violence in Wilmington Deleware. Unfortunetly the streets are not safe in some part's of Deleware. Shelton Johns, is a very intelligent and respectful young man. Shelton was fearing for his life prior to this incident. He comes from a (close-nit) family, I know his mother very well, she really cares for Shelton more than you could ever know. We all love him dearly. Judge Sleet if you would just give him a second chance. Then you will see how much of a contribution he can be for society. I know deep down in my heart you can make the right decision....

Sincerely Yours,

Kathy Chase
Willingboro. NJ.

Dear Honorable Judge Sleet,

I am writing you on the behalf of Shelton Johns. I believe this young man deserves a second chance at life. My husband got into trouble when he was younger and the judge in Camden County Jail in Camden NJ. gave him a break. I gave him probation. He showed up to probation every month, paided his fines + now everything is great. He has a good job + were a happy family. I hope you will consider + give Shelton Johns the same Thanks a lot!

Amy Gardosh

Honorable Judge Sleet;

From Valerie Woody

This is a heart felt letter that I'm writing to help you and everyone better understand My son, Shelton Johns. I'm sure I wrote you before but there are some things that I Missed. My son was born 2/14/1983 11: Am after being admitted only 3 hours. Fast Should have been his middle name. He walked at 7 months ate table food at 4 months. He has a big heart and loves his family. He loves to laugh, cook and work on cars. But somewhere I failed him and now I'm paying for it you see I'm the one not his Father sending him money to live. I can't blame anyone else but me and when I Reached out for help from the different organizations they all said they can't help Until he gets in trouble, some help. He was denied disability twice that hurt him The most because he was too young to understand the process. That's when he'd hit The streets angry. So now you may understand him a little better. He stressed out Mentally he will need counsel. Thanks for listening.

Sincerely.

Valerie Woody

Dear Judge,

    I am writing this letter on behalf of Shelton Johns. My name is Robyn Dennis and I am his older sister. My brother is challenged by the temptations of the mind and sometimes has a hard time w/ using the proper judgment. He has a great character but does not understand the <u>power</u> he holds. His experience in prison has made him understand some of the obstacles placed in his life. I believe that he has wonderful gifts to offer the world and that to be deprived of sharing these gifts because of poor choices would deny his family and community the opportunity to demonstrate to Shelton that there is a better way to conduct himself in the world. If given a chance, Shelton could prove to be a very powerful resource to his circumstances and those just like him. On his behalf I would like to say that Shelton is of great character and has a lot to offer!
    SHELTON deserves a <u>second chance</u>.
    Thanks for your consideration!

Robyn Dennis
1400 W 6th St
Wilmington, DE 19805