UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 07-2522, 07-2587

UNITED STATES OF AMERICA,

Appellant, Cross-Appellee,

v.

SHELTON JOHNS,

Appellee, Cross-Appellant.

Appeal from the Judgment of the District Court for the District of Delaware
(District Court Criminal Action No. 06-47)
District Judge: The Honorable Gregory M. Sleet

Argued May 15, 2008

Before: McKEE, GARTH, *Circuit Judges*, and IRENAS,* *Senior District Judge.*

JUDGMENT

This cause came on to be considered on the record from the United States District Court for the District of Delaware and was argued on May 15, 2008.

On consideration whereof, it is now here ORDERED and ADJUDGED by this

---

* Honorable Joseph E. Irenas, Senior United States District Judge for the District of New Jersey, sitting by designation.

Court that the sentence of the United States District Court for the District of Delaware, entered April 20, 2007, be, and hereby is, VACATED and REMANDED; and that the district court is hereby instructed to impose the sentence pronounced at the March 23, 2007 sentencing hearing. All of the above in accordance with the opinion of this Court.

Attest:

/s/Marcia M. Waldron
Clerk

DATED: June 17, 2008

**Certified as a true copy and issued in lieu of a formal mandate on** 07/09/08

**Teste:** *Marcia M. Waldron*
**Clerk, U.S. Court of Appeals for the Third Circuit**

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

Nos. 07-2522, 07-2587

———

UNITED STATES OF AMERICA,

Appellant, Cross-Appellee,

v.

SHELTON JOHNS,

Appellee, Cross-Appellant.

———

Appeal from the Judgment of the District Court for the District of Delaware
(District Court Criminal Action No. 06-47)
District Judge: The Honorable Gregory M. Sleet

———

Argued May 15, 2008

Before: McKEE, GARTH, *Circuit Judges*, and IRENAS,[*] *Senior District Judge.*

Filed: June 17, 2008

———

OPINION

———

IRENAS, *Senior United States District Judge.*

———

[*] Honorable Joseph E. Irenas, Senior United States District Judge for the District of New Jersey, sitting by designation.

The United States appeals the Judgment of the District Court, imposing upon Defendant Shelton Johns, a sentence of 36 months of imprisonment, three years of supervised release, and a $100 special assessment. Johns cross-appeals. Because we conclude that the district court lacked jurisdiction to impose the 36-month sentence, we will vacate and remand with instructions.

I.

We write only for the parties, therefore only a brief recitation of the relevant facts and procedural history is necessary. Johns pleaded guilty to felon in possession of a firearm charges on November 17, 2006. The first sentencing hearing was held on March 23, 2007.

Prior to the March 23rd hearing, Johns submitted a sentencing memorandum and a motion for a downward departure, or in the alternative, a downward variance in his sentence. At the sentencing hearing, the district judge first addressed Johns' motion, stating to the defense, "I am prepared to address in fairly significant detail, the points that you made in your papers. I understand them." (A-39) The court went on to discuss several of Johns' arguments in favor of a downward departure and explained why it did not agree that a departure was warranted.

Johns' attorney then briefly argued for a sentence less than the applicable Sentencing Guidelines range of 70-87 months of imprisonment, while the government

argued for a sentence within the Guidelines range.

The district judge concluded the sentencing hearing by orally pronouncing Johns' sentence:

> Mr. Johns, after having pled guilty to Count One of the indictment, you were found guilty of violating Title 18 of the United States Code, Sections 922(g)(1) and 924(a)(2).
> It is therefore the Court's judgment, pursuant to the Sentencing Reform Act of 1984, that you shall hereby be committed to the custody of the Bureau of Prisons for a term of 60 months. . . . The Court has considered all of the factors outlined in Title 18 United States Code, Section 3553(a), including the Sentencing Guidelines, and finds this sentence to be appropriate and reasonable. . . .
> Mr. Johns, after having considered the provisions of the U.S. Sentencing Guidelines, the advisory Guideline range, the Supreme Court's ruling in *United States v. Booker*, the sentencing factors outlined in Title 18 of United States Code, Section 3553(a), and the underlying goals of sentencing, including punishment, deterrence, and rehabilitation, I am sentencing you to a term of imprisonment, as I have said, of 60 months, or five years. . . .
> And I inquire of counsel, is there any reason you know of why sentence should not be imposed as stated?
> [Both counsel indicate no.]
> It is then the order of the Court that the sentence be imposed as stated.
> Mr. Johns you have the right to appeal this sentence within ten days. . . .
> The Clerk's Office shall prepare the judgment, and my deputy clerk will enter the judgment of conviction.

(A-61-67)  The hearing was recessed shortly thereafter.

Despite the district court's statements, a judgment reflecting the 60-month sentence was never entered. Instead, on March 30, 2007, the district court, *sua sponte*,

issued a "Notice of Re-Sentencing Hearing," setting the resentencing for April 17, 2007.[1]

The resentencing hearing on April 17th was very brief.[2] The court opened the hearing by stating, "the Court is not going to entertain discussion from either the government or the defense. The Court has a short statement in support of the position it's going to take in the resentencing and that will be it." (A-71) The court continued,

> I have reconvened the sentencing hearing in this case, because, after pronouncing sentence, it occurred to me that I had pronounced my sentence without giving effect to the sentiments expressed by Mr. Johns, [defense counsel], and . . . Johns' mother, during the sentencing hearing. In other words, I made a mistake in imposing a sentence of 60 months upon Mr. Johns. Upon reflecting further on the issue, I have determined that the appropriate sentence for Mr. Johns is 36 months, rather than the 60 months I imposed during the sentencing hearing.
> I believe that the sentence of 36 months more appropriately comports with the underlying goals of sentencing. . . . Moreover, when applying the 3553(a) factors to Mr. Johns . . . the Court concludes that a sentence of 36 months adequately achieves those goals of sentencing while taking into account those factors I have just described earlier.
> The Court's sentence . . . reflects my thoughts regarding the most appropriate sentence, given the totality of the circumstances, including what transpired, and very importantly, what transpired in this courtroom during your first sentencing hearing. Given your comments during that hearing, I expect that this Court will never lay eyes on you again.
> Good luck.

(A-71-72)

---

[1] A docket entry, dated March 23, 2007, states: "Remark: Upon further consideration by the court, Judgment and Commitment Order for the sentencing held on 3/23/07 was not issued and re-sentencing of the defendant was scheduled for 4/17/07." However, although the entry bears the date of March 23, 2007, the entry also indicates that it was not entered onto the docket until April 20, 2007.

[2] Indeed, the full transcript of the hearing occupies only two pages. (A-71-72)

On April 20, 2007, the Judgment reflecting the 36-month sentence was entered. The parties' timely appeals followed.

## II.

The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231. We have jurisdiction under both 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). *U.S. v. Higgs,* 504 F.3d 456, 458 (3d Cir. 2007).

We exercise plenary review over questions of law. *United States v. Hull*, 456 F.3d 133, 137 (3d Cir. 2006).

## III.

Federal Rule of Criminal Procedure 35 provides: "(a) Correcting Clear Error. Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error. . . . (c) 'Sentencing' Defined. As used in this rule, 'sentencing' means the oral announcement of the sentence."[3]

After a thorough analysis of the history and purposes of Rule 35, this Court held in *Higgs* that the seven-day time limit is jurisdictional, and that the district court must

---

[3] The district court's power to correct or modify a previously imposed sentence is conferred by 18 U.S.C. § 3582(c), which expressly identifies action pursuant to Fed. R. Crim. P. 35 as one of three instances when a sentenced may be changed. The other two instances do not apply to this case.

actually resentence a defendant within that time frame. 504 F.3d at 459-60, 463.[4] Because the district court did not resentence Johns on or before April 3, 2007,[5] the district court lacked jurisdiction to sentence Johns to 36 months' imprisonment.

This conclusion is not altered by the fact that the district court issued a Notice of Resentencing on March 30, 2007, because, for the reasons previously explained in *Higgs*,[6] the district court must actually resentence a defendant within seven days. *Higgs* held that defense counsel's Rule 35(a) motion, which was filed within seven days of the oral pronouncement of the first sentence, did not preserve the district court's jurisdiction under Rule 35(a). 504 F.3d at 459-60. Likewise, we conclude that the district court's *sua sponte* issuance of the Notice of Resentencing cannot preserve jurisdiction or somehow toll the time for correcting a sentence. To hold otherwise would be to effectively allow the district court to enlarge its own jurisdiction, which it may not do. *See Bowles v.*

---

[4] As noted in *Higgs,* this Court is by no means alone in its analysis of the seven-day limit, as ten other Courts of Appeals have held the same. 504 F.3d at 462 (collecting cases); *see also U. S. v. Griffin,* 524 F.3d 71, 83 n.14 (1st Cir. 2008) ("The courts of appeals have uniformly held that Rule 35(a)'s seven-day time limit is jurisdictional.") (collecting cases).

[5] Because the time limit in Rule 35(a) is less than eleven days, the Saturdays and Sundays immediately following March 23, 2007 (i.e., Saturday, March 24, 2007; Sunday, March 25, 2007; Saturday, March 31, 2007; and Sunday, April 1, 2007) are not counted in the seven-day time period. *See* Fed. R. Crim. P. 45(a)(2).

[6] *See* 504 F.3d at 459 ("The Advisory Committee noted that the 'stringent time requirement' of seven days was shorter than the time for appealing the sentence so that if the court did in fact correct the sentence within the seven days, the defendant could still timely appeal the sentence if s/he so desired.").

*Russell*, 127 S.Ct. 2360, 2364 (2007) ("only Congress may determine a lower federal court's subject-matter jurisdiction") (internal citations and quotations omitted).[7]

Accordingly, we hold that the district court lacked jurisdiction to resentence Johns on April 17, 2007.[8]

IV.

For the reasons stated above, the judgment of sentence will be vacated, and the case remanded to the district court with instructions to enter a judgment reflecting the sentence pronounced at the March 23, 2007 sentencing hearing.

---

[7] Johns relies on *Bowles* to argue that the seven-day limit is procedural rather than jurisdictional. His argument, however, is foreclosed by *Higgs*, which relied on *Bowles* to hold that the limit is jurisdictional. *See Higgs*, 504 F.3d at 464 ("Rule 35's time limitation derives from the limitation set forth by statute, 18 U.S.C. § 3582(c). *Cf. Bowles*, 127 S.Ct. at 2365 (recognizing that the time limit in Supreme Court Rule 13.1 derives from 28 U.S.C. § 2101(c)). Therefore, we hold that the seven-day time requirement set forth in Rule 35(a) is jurisdictional."); *see also, Griffin*, 524 F.3d at 84-85 ("We thus join the Third Circuit in holding that Rule 35 is jurisdictional, in light of both *Eberhart* and *Bowles*.").

[8] We express no opinion as to whether the sentence imposed on March 23, 2007, "resulted from arithmetical, technical, or other clear error" as contemplated by Rule 35(a).