UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHELTON JOHNS, In Pro Se,<br><br>       Defendant,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>       Respondents, | Docket No. 06-Cr-47((GMS))<br>App. NOs. 07-2522 & 07-2587 |

**MOTION FOR DOWNWARD DEPARTURE
PURSUANT TO UNITED STATES SENTENCING
GUIDELINES §5K2.(2) AND TITLE 18
UNITED STATES CODE §3553(a)(b)(1)**

**COMES NOW,** Defendant Shelton Johns, in pro se and with the assistance of counsel. This matter is presently before this Court as a result of an Order from the Honorable Third Circuit Court of Appeals in the above declared case. This case was remanded back to this sentencing court for resentencing purposes in compliance with the Court of Appeals orders, to resentence defendant Johns, in accordance with the Court's opinion. At the same time, defendant Johns, has filed his pro se motion for a downward departuee based upon two basic reasons.

First, because defendant's case has been remanded, so, that defendant can be properly resentenced pursuant to the United States Sentencing Guidelines, Title 18 U.S.C. §3553(a)(b)(1), and the Due Process Clause of the Fifth Amendment.

- 1 -

FILED
JUL 3 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Secondly, defendant Johns, is exercising his opportunity at this Ordered resentencing, to present his pro se motion for a downward departure based upon " extraordinary circumstances of a kind not adequately taken into consideration and mitigating circumstances ". Indeed, the circumstances of this case, are rare and as the case history shows, due process here, would certainly be served upon the defendant, if, this Court would provide this defendant with his due process rights to be appropriately sentenced according to the relevant laws.

This immediate resentencing was so ordered by the Court of Appeals, on remand, for the purpose of " resentencing defendant in accordance with the Court's opinion, and to conform with all due process obligations afforded defendant under the dire set of circumstances in this particular case." Similarly, the appropriate authority pursuant to United States Sentencing Guidelines ["U.S.S.G."] §5K2.(2), and Title 18 U.S.C. §3553(a)(b)(1), including but not limited to the due process clause of the Fifth Amendment, which allows Johns to invest his full opportunity at this sentencing remand hearing. Under this particular set of circumstances here, defendant, is more than entitled to request a downward departure based on " extraordinary circumstances reflecting 1) his post-rehabilitation and 2) the original intent of the sentencing court".

See, United States v. Thompson, 190 F. Supp. 2d 138, at p. 147-48 (D. Mass. 2002)(" the court found that a departure was permissble based on post-sentence rehabilitation "), see also, United States v. Taylor, 414 F.3d 528, 533 (4Th Cir. 2005).

also <u>United States</u> <u>v.</u> <u>Taylor,</u> 47 F.3d 508, 511 (2nd Cir. 1995) (" **The intent of the sentencing court must guide any retrospective inquiry into the term and nature of the sentence** "). It is strongly contended here, that defendant Johns, sufficiently qualifies for a downward departure based upon 1) extraordinary post-sentence rehabilitation, 2) extraordinary family circumstances, and 3) the relevant factors listed under 18 U.S.C. §3553(a).

These matters must be considered in making a reasonable sentence imposition at the re-sentence hearing in this case.

I. <u>THE DISTRICT COURT'S STATED REASONS FOR THE RE-SENTENCING OF DEFENDANT TO A TERM OF (36) MONTHS IMPRISONMENT ARE SUFFICIENT TO SUPPORT A FINDING THAT THE RESULTING SENTENCE WAS " REASONABLE "</u>

The defendant asserts that the district court's " reasons " for re-sentencing the defendant to a term of 36 months imprisonment are sufficient to support a finding that the resulting sentence was " reasonable " in this case at the time of the first re-sentencing of defendant Johns. Indeed, after the court's remand, from the Third Circuit, for purposes of " re-sentencing Johns ", this district court's " rationale " for the origional re-sentence of 36 months imposition appears to still stand and is controlling as well as to be supportive of defendant's instant motion for a downward departure, today. Moreover, based upon the full sentencing records including the history of this rare case, the district court stated " that the reasons for the re-sentencing was that the court had not given effect to the statements of the defendant, his mother, and his attorney at the time of the imposition of the first sentence".

- 3 -

Therefore, the first sentence was " unreasonable " under the Court's jurisprudence and " in substantial violation of the law", because such a sentence should have been imposed only after " taking into account all the evidence presented and properly applying the relevant §3553(a) factors; thus, because the first sentence was imposed " in violation of the law " it amounted to a direct and substantial denial of due process under the Fifth Amendment. See, North Carolina v. Pearce, 395 U.S. 711, 723, 23 L. Ed 2d 656, 668, 89 S. Ct. 2072 (1969).

As previously pointed out, the Third Circuit Court of Appeals, has remanded this case¶ back to this district court for the sole purpose of " re-sentencing " consistingly with the Third Circuit's opinion and order. Therefore, Johns is properly before this Court pursuant to U.S.S.G. §5K2.(2), for a requested downward departure of his sentence. See also, United States v. Shoupe, 988 F. 2d 440, (3rd Cir. 1993), accord United States v. Shoupe, 35 F.3d 835, 836-838 (3rd Cir. 1994) Indeed, this case is not about whether a sentence of sixty months " is or is not reasonable ". In point and fact, this case is about " a sentence that was illegally imposed in violation of U.S.S.G. §3553(a), and if, this district court has authority to impose a sentence below the recommended Guidelines. Chiefly, Claiborne v. United States, 549 U.S.___ (2006).

The Court acknowledged that it originally imposed its sentence without giving proper consideration to those things that are necessary to make the §3553(a) analysis. It admitted this on the records at the second hearing. Today, defendant Johns, asks that the same mistake must be avoided at this re-sentencing hearing.

## II. DEFENDANT SHELTON JOHNS QUALIFIES FOR A DOWNWARD DEPARTURE PURSUANT TO UNITED STATES SENTENCING GUIDELINES SECTION 5K2. (2)

Defendant respectfully requests a downward departure pursuant to U.S.S.G. §5K2.(2). See, U.S.S.G. §5K2.0, see also, <u>United States v. Edwards</u>, 297 F. Supp. 2d 813 (E.D. Pa. 2003), and <u>United States v. Bissell</u>, 954 F. Supp. 841 ( D. N. J. 1998). In this specific case, defendant claims that he qualifies for the application of a downward departure. Here, as the records show, that the district court stated that the reason for the re-sentencing was that the court had not given effect to the statements of the defendant, his mother and his lawyer ¶ imposing his first sentence.

In other words, the requested departure here, is based in part on circumstances of a kind not adequately taken into consideration at the first re-sentencing of April 17, 2007. Here, this court is asked to take into consideration all statements made by defendant's immediate ¶ family-member, his mother, all declared statements made by defense counsel. And further information as provided by this pro-se defendant. Based upon the available records, defendant entered a plea of guilty to the charge of " Felon in Possession of a Firearm ". In violation of 18 U.S.C. §§ 922(g)(1) and 924(A)(2). In addition, on April 17, 2007, defendant, was sentenced to a term of imprisonment of 36 months and 3 years term of supervised release. The defendant has remained incarcerated since his arrest, conviction sentence and reported appeal. The instant motion is the first of it's kind, filed by defendant Johns, in connection with his imposed sentence by the district court in this case.

### III. DEPARTURE BASED UPON EXTRAORDINARY POST OFFENSE REHABILITATION PURSUANT TO U.S.S.G. §5K2.(2)

In this case, defendant argues that he should be allowed a post- offense rehabilitation departure, based upon his extraordinary " rehabilitation efforts ". Here, defendant Johns, has made a sufficient efforts to rehabilitate his self, by completing a number of academic and vocational programs, at the instant institution where he is presently incarcerated. Moreover, it is reliablly noted, that defendant Johns, has participated and completed the following institution programs and courses. Parenting from Afar (10-23-07), Parenting WorkShop (12-06-07), Real Estate And Mortgage Trans (10-19-07), Infancy Parenting (10-23-07), Carreer Development (06-26-07).

Moreover,the defendant has completed his GED Education courses. Furthermore, defendant Johns, is also at this institution, directly and substantially, is currently participating in a 40 Hour Drug Rehabilitation Program. Similarly, defendant Johns, has absolutely no disciplinary reports filed against him, since his imprisonment and incarceration in the United States Bureau of Prisons. In this case, this court, does not lack authority to act on the defendant's motion for a downward departure. See, **United States v. Sally,116 F3d 76, 81 (3rd Cir. 1997).** Indeed, the United States Supreme, recently, echo its approval to district court Judges, " that judicial discretion to depart from the Guidelines.... will in most cases be due substantial deference ".

- 6 -

See, <u>Kimbrough v. United States</u>, 552 U.S.____, (2007), also see, <u>Gall v. United States</u>, 552 U.S.____, (2007). The <u>Gall</u>, case also indicated that "the sentence imposed by the experienced District Judge in that case was reasonable." See, <u>United States v. Sally,</u> 116 F. 3d at 81 (3rd Cir. 1997). At the first re-sentencing in this case, this court exercised it's broad discretion, after, exposing it's self to " mitigating information " as supplied from both defendant's family and his attorney of records. The district court, departed and reduced defendant's sentence below the bottom of the recommended Guideline Range.

In this context, the " intentions " of the sentencing Court would certainly be standing and still controlling in this particular case. See, <u>United States v. Taylor</u>, 47 F.3d 508, 511 (2nd Cir.1995) Thus, to the extent that there is an ambiguity in the sentence the Court may properly consider the sentencing Judge's subjective intent. More precisely, as a general rule, in determining the terms of a sentence, it is the intent of the sentencing judge which controls and that intent is to be determined by reference to the entire records. See, <u>United States v. Bull</u>, 214 F.3d 1275, 1279 (11Th Cir. 2000). Here, what makes Mr. Johns's record in prison extraordinary is that he has done virtually every single thing that it is possible to do in prison-- every course, every program, and every opportunity that has been offered Mr. Johns.

Therefore, under the authority of U.S.S.G. §5K2.(2), and the required application of Title 18 U.S.C. §3553(a), and (b)(1),as instructed and required by law. See, **Rule 32(d)(1)(A), Fed. R. Crim. P.** this case is more than sufficient for a sentence reduction under 5K2.(2).

Indeed, it appears here, that Mr. Johns, has demonstrated a most sufficient and extraordinary reasons for a departure and reduction of the sentence pursuant to U.S.S.G. §5K2.(2). Mr. John's post- sentencing rehabilitation efforts, including but not limited to his substantial participation in the Drug Rehabilitation Program, must be " adequately considered " in making any determination for a sentence departure. **See, 18 U.S.C. §3553(b)(1); combined with the application of "U.S.S.G. §5K2.(2)."See, <u>United States v. Coates</u>, 295 F. Supp. 2d 11, 21-26 (D.D.C. 2003), see also, §5K2.(2) and §5K2.0, <u>accord</u>, <u>United States v. Sally</u>, 116 F.3d 76, 81 (3rd Cir. 1997).**

More yet, the sentencing court can consider a defendant's post-sentencing rehabilitation efforts at a [re-sentencing] under Section 5K2.0. On resentencing, the court should consider the defendant as he " stands before the court " at the time ". **<u>United States v. Core</u>, 125 F. 3d 74, 77 (2nd Cir. 1997).** Under the Third Circuit's standard " limiting a departure on the basis of post-sentencing rehabilitation to those circumstances in which " the factor is present to such an exceptional degree that the situation cannot be considered typical of those circumstances in which acceptance of responsibility is granted ". **Chiefly, <u>Sally</u>, 116 F.3d at p. 78-81 (3rd Cir. 1997).** In this particular case, defendant Johns, has shown and demonstrated extraordinary efforts at post sentence rehabilitation and exceptional circumstances, why a departure is demanded in his case, pursuant to U.S.S.G. §5K2.0 and §5K2.(2), including 18 U.S.C. §3553(a)(b)(1). **See, <u>United States v. Harrington</u>, 808 F. Supp. 883, 886 (D.D.C. 1992)** (" Harrington II "). **Similarly,** Mr. Johns, will further elucidate on the " exceptional circumstances " aspect of his motion for departure at the re-sentencing hearing.

- 8 -

## IV. CONCLUSIONS:

**WHEREFORE,** for the foregoing facts, reasons and good cause shown and demonstrated in this particular case. Defendant Johns, respectfully requests that this most Honorable Court exercise it's profound discretion and grant this pro se defendant's motion for a sentence departure pursuant to U.S.S.G. §5K2.0 and §5K2.(2), also 18 U.S.C. §3553(a)(b)(1); on the grounds of mitigating circumstances and for good cause shown and demonstrated in this case. Under the recent and controlling cases from the United States Supreme Court <u>Kimbrough v. United States</u>, 552 U.S.____,(2007) , and also <u>Gall v. United States</u>, 552 U.S.____, (2007), this court has " judicial discretion " to sentence a defendant below the recommended sentencing Guidelines.

For the foregoing facts and reasons, this Court should Grant Defendant's motion for a sentence departure under the court's broad " judicial discretion ".

Respectfully Submitted

*[signature]*

Reg. No. # 05108-015
A/R
FCI-Fairton
P.O. Box-#420
Fairton, New Jersey. 08320
Docket No. 06-CR-47(GMS))
App. No. 07-2522 & 07-2587
In Pro Se

## CERTIFICATE OF SERVICE

I  Shelton Johns, here by certify that I have served this Court via Certified Mail, Receipt Return, under Article Number. 7005 1160 0000 0303 8736, in addition, service has been made upon Christopher J. Burke, Assistant United States Attorney; at 1007 N. Orange Street, Nemours Building, Suite-#700, P.O. Box-#2046, Wilmington, Delaware. 19899-2046, on this 30th Day of June, 2008.

This matter is pursuant to 28 United States Code 1746(2). Motion for Downward Departure, has been made upon the above parties.

Respectfully Submitted:

*[signature]*
Reg. No. #/05108-015
A/R
FCI-Fairton
P.O. Box-#420
Fairton, New Jersey. 08320
Docket No. 06-CR-47(GMS))
App. Nos. 07-2522 & 07-2587
In Pro Se

SHELTON JOHNS
REG. NO. # 05108-015
A/R
FCI-FAIRTON
P.O. BOX-#420
FAIRTON, NEW JERSEY. 08320

7005 1160 0000 0303 8736

FCI Fairton, P.O. Box 280, Fairton, NJ 08320

Date 6-30-08

"The enclosed letter was processed through special mailing procedures for forwarding to you. The letter has been neither opened nor inspected. If the writer raises a question over which this facility has jurisdiction, you may wish to return the material for further information or clarification. If the writer encloses correspondence for forwarding to another addressee, please return the enclosure to the above address."

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
UNITED STATES COURTHOUSE (LOCKBOX 44)
844 KING STREET
WILMINGTON, DELAWARE. 19801



U.S.M.S X-RAY

