IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Criminal Action No. 06-47-GMS |
| ) | |
| SHELTON JOHNS, ) | |
| ) | |
| Defendant. ) | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S *PRO SE* "MOTION FOR DOWNWARD DEPARTURE PURSUANT TO UNITED STATES SENTENCING GUIDELINES § 5K2.(2) AND TITLE 18 UNITED STATES CODE § 3553(a)(b)(1)"

NOW COMES the United States of America, by and through its undersigned attorneys, and hereby submits the following:

1. On June 17, 2008, the United States Court of Appeals for the Third Circuit issued a Judgment and a corresponding Opinion in the appeal in this matter. In doing so, the Third Circuit ordered that the 36-month sentence imposed by this Court in a Re-sentencing Hearing on April 17, 2007, a sentence that was later memorialized in a Judgment entered on April 20, 2007, should be vacated. D.I. 41 (Judgment) at 2. The Third Circuit ruled that the case would be remanded to this Court, with instructions that this Court should "impose the sentence pronounced at the March 23, 2007 sentencing hearing" in this case – a sentence that had included a 60-month term of imprisonment. *Id.* The corresponding Opinion from the Third Circuit explained that, pursuant to Federal Rule of Criminal Procedure 35, this Court lacked jurisdiction to correct the defendant's sentence after 7 days had elapsed from the date of the original sentencing hearing on March 23, 2007. D.I. 42 (Opinion) at 5-7. Therefore, the Third Circuit explained that the case would be remanded and that this Court should "enter a judgment reflecting the sentence pronounced at the March 23, 2007 sentencing hearing." *Id.* at 7.

2. Subsequent to the Third Circuit's decision, the defendant filed a "Motion for Downward Departure Pursuant to United States Sentencing Guidelines § 5K2.(2) and Title 18 United States Code § 3553(a)(b)(1)" ("Motion"), which was entered onto the docket on July 11, 2008. D.I. 43. Although the defendant is represented by counsel in this matter, he filed this Motion *pro se*. In this Motion, the defendant asks this Court to now re-sentence him again, and in doing so, to find that a downward departure is appropriate for various reasons. *Id.*

3. In light of the fact that the Third Circuit has clearly ruled that this Court does not have jurisdiction to re-sentence the defendant at this time, the government will not address the substance of the defendant's downward departure Motion. Instead, the government requests that, pursuant to the Third Circuit's order, this Court enter a judgment reflecting the sentence imposed on March 23, 2007, a sentence that includes a term of imprisonment of 60 months. This, in turn, will trigger the start of a 10-day time period in which the defendant must file a Notice of Appeal of that 60-month sentence, if he wishes to do so. *See* Fed. R. App. P. 4(b)(1)(A).

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By: /s/ Christopher J. Burke
Christopher J. Burke
Assistant United States Attorney

Dated:    July 25, 2008